<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT GRIMALDI,<br><br>    *Plaintiff,*<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    *Defendant.* | Civil Action No. 12-6522<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Vincent Grimaldi's ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), of Administrative Law Judge Michal L. Lissek's (the "ALJ") unfavorable decision of Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income Benefits (collectively, "Disability Benefits"). For reasons set forth below, the Commissioner of Social Security's ("Commissioner") decision is **AFFIRMED**.

**I.   APPLICABLE LAW**

    **A.  Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); <u>Markle v. Barnhart</u>, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate." <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial

evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the Commissioner's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (quoting Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013) aff'd 590 F. App'x 167 (3d Cir. 2014).

### B. Five-Step Sequential Analysis

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at

503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the Commissioner, at step four, must ask whether the claimant has a "residual functional capacity" such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied. Id. Finally, if the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional capacity.'" 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503. The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

## II.    BACKGROUND

### A.  Procedural History

In October 2005, Plaintiff filed for Disability Benefits based on physical and cognitive impairments. Tr. 36. He alleged disability since July 30, 1999. Tr. 36. His claim was denied in

May 2006, and again on reconsideration in March 2007. Tr. 132, 139. In November 2008, the ALJ rendered an unfavorable decision of Plaintiff's claim. Tr. 732. The ALJ found that while Plaintiff suffered from several severe impairments—sarcoidosis, torn meniscus, should bursitis and tendonitis, and cervical degenerative disk disease—he did not suffer from a listed impairment, based on the testimony of the medical expert, Dr. Martin Flechner. Tr. 742-43. The ALJ then found that Plaintiff had a residual functional capacity ("RFC") to perform light work, with additional limitations, which enabled him to perform at least three jobs available in the national economy. Tr. 743, 746.

Plaintiff appealed the decision. The Appeals Council vacated the decision and remanded the case because the ALJ did not properly rate Plaintiff's functional limitations and included additional limitations that were neither part of Plaintiff's RFC nor discussed by the vocational expert. Tr. 764-65. The Appeals Council also directed the ALJ on remand to further evaluate Plaintiff's mental impairments in accordance with techniques described in 20 C.F.R. 404.1520, further consider Plaintiff's RFC and give sufficient evaluation of non-examining source opinions in accordance with 20 C.F.R. 404.1527(f) and Social Security Ruling 96-6p, and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupations base. Tr. 765.

In October 2010, after additional hearings, the ALJ again rendered an unfavorable decision. Tr. 19-35. In September 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 9.

Plaintiff filed the instant action on October 26, 2012 to appeal the Commissioner's decision. Compl., Dkt. No. 1.

### B. Factual Background

Plaintiff is a 59 year-old man who alleged in his application for disability benefits that he became disabled in July 1999. Tr. 19. He remained insured, however, through December 31, 2005. Id. He alleges that he suffers from sarcoidosis, Reynaud's Phenomenon, arthritis, orthopedic injuries, irritable bowel syndrome, bilateral ulnar nerve neuropathies, vision issues, fibromyalgia, Lyme disease, and cognitive issues. Tr. 1016, 1116.

Plaintiff has a BA and BS in management science and economics from Keane University. Tr. 1017. For roughly 20 years, he worked for and eventually owned a container packaging facility. Id. His job duties generally involved operating machines and lifting seventy-five pound containers. Tr. 1025-26. He stopped working there in July 1999 after he was diagnosed with sarcoidosis. Tr. 1018. Since then, he alleges that his condition has worsened and has impacted his other internal organs, which causes fatigue, difficulty walking and carrying objects, blurred vision, and stomach issues. Tr. 1019-22. Aside from occasional flare-ups, his lungs do not cause him much distress. Tr. 1023. He also alleges issues with depression and anxiety. Tr. 1118. Because of his conditions, Plaintiff takes a number of medications that, he maintains, make him dizzy and affect his concentration. Tr. 1043-44, 1117-18.

### C. ALJ's Decision

On remand, the ALJ reassessed the five-step inquiry. The ALJ first found that Plaintiff met the insured status requirements of the Social Security Act on December 31, 2005 and did not engage in substantial gainful activity through that date. Tr. 21. The ALJ found at step two that Plaintiff had five severe impairments: sarcoidosis, Raynaud's disease, fibromyalgia, Lyme disease, and an adjustment disorder with anxiety. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed

impairment. Id. Focusing on Plaintiff's mental impairment, as directed by the Appeals Council, the ALJ found that Plaintiff did not meet or medically equal the criteria of listings 12.02, 12.04, and 12.06 based on the failure to meet Paragraphs B and C of 20 C.F.R. 404, Subpart P, Appendix 1. Tr. 22.

The ALJ next determined that Plaintiff's RFC allows him to perform light work with the following cognitive and physical limitations:

> [H]e is limited to work that can be learned in 1 month or less; he cannot do anything that requires juggling many facts and figures or that would require rapid decision making; he can sit for 2 hours at a time with 2 to 3 minutes of stretching for a total of approximately 8 hours sitting in an 8-hour workday; he can stand and/or walk for 1 hour at a time with 2 to 3 minutes of stretching or sitting for a total of 6 hours of standing and walking in an 8-hour workday. He can reach overhead frequently with his right hand and occasionally with his left hand; he can do handling and fingering frequently with both hands. He should never climb ladders or scaffolds; he can stoop frequently; he can climb and [sic] ramps, balance, stoop, kneel, crouch and crawl occasionally; he can never work around humidity, wetness, or extreme cold or head [sic]. He cannot work around loud noise.

Tr. 22-23. Based on these limitations, the ALJ found that Plaintiff could not perform his past relevant work, but that sufficient jobs existed in the national economy that Plaintiff could perform—namely, ticket checker, toy stuffer, and a dresser. Tr. 33-34. The ALJ relied on the Medical-Vocational Guidelines ("Guidelines") and the opinion of the vocational expert ("VE") in reaching the decision. Tr. 34. Referring to SSR 00-4p, ALJ found that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. Based on the foregoing, the ALJ concluded that Plaintiff was not disabled at any time from July 1999, the alleged onset date, through December 2005, the date last insured. Id.

**III.  ANALYSIS**

Plaintiff cites several reasons that the ALJ's finding was in error. He argues that the ALJ

(1) should have found that he met a listed impairment under 12.04 and 12.06 of Subpart P, Appendix 1; (2) improperly evaluated his subjective complaints; (3) denied him a full and fair hearing; (4) made factual misstatements in the disability decisions; and (5) posed hypothetical questions to the VEs that were not supported by the record.  None of these arguments prevail for the reasons expressed below.

### A.  Meet or Equal Listed Impairments for Listings 12.04 and 12.06

First, Plaintiff asserts that the ALJ's step three analysis was incorrect because his alleged impairments meet or equal a listed impairment.  Specifically, he argues that substantial evidence exists that he met the Paragraph B and C criteria for listings in 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders) based on his testimony that he is no longer social and rarely leaves home, which, he alleges, was confirmed by Dr. David M. Gelber's psychological evaluation.  He also argues that the ALJ did not sufficiently discuss his findings.  The Court disagrees.

To establish impairment under 12.04 and 12.06, Affective Disorders, the Plaintiff must do more than identify a medically determinable mental impairment.  See Maddaloni v. Comm'r of Soc. Sec., 340 F. App'x 800, 802 (3d Cir. 2009).  The ALJ must also address the degree of Plaintiff's limitations.  Id.  Under 12.04, an affective disorder meets the required level of severity when the requirements of both A and B are satisfied, or when the requirements of paragraph C are satisfied.[1]  20 C.F.R. Part 404, Subpt. P, App. 1. Paragraph B is met when at least two of the following occur: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.  Id.  Paragraph C,

---

[1] Under 12.04 and 12.06, Plaintiff only challenges the ALJ's analyses in Paragraphs B and C.

7

in relevant part, is met when Plaintiff establishes repeated episodes of decompensation, each of extended duration. Id. Under 12.06, an anxiety related disorder meets the required level of severity when the requirements in both A and B are satisfied, or when A and C are satisfied. 20 C.F.R. Part 404, Subpt. P, App. 1. Paragraph B under 12.06 is the same as under 12.04, above. Id. Paragraph C is met when the anxiety related disorder results in complete inability to function independently outside the area of one's home. Id.

Substantial evidence supports the ALJ's finding that Plaintiff does not meet 12.04 or 12.06. The ALJ first credited the findings of medical expert Dr. Martin Fechner. Tr. 22. Dr. Fechner completed an interrogatory report that addressed Plaintiff's cognitive issues. Tr. 699. He summarized the findings of Dr. David Saur, who found that Plaintiff was well oriented, had good memory, concentration, attention, language function, and had a fund of knowledge. Id. He also observed that Dr. Gelber found that Plaintiff had accurate "serial 7's," was well oriented, had an average intellectual function, and had an upper-average vocabulary. Id. During his testimony, Dr. Fechner noted that Plaintiff may have cognitive problems, but they "would be relatively mild." Tr. 1069. He also noted Dr. James M. Hill's finding that Plaintiff's global assessment for adjustment disorder and anxiety was "quite good." Tr. 1070. From these findings, the ALJ found that Plaintiff only had mild restrictions on activities of daily living; social functioning; concentration, persistence, or pace; and did not experience episodes of decompensation of extended duration. Tr. 22. The ALJ therefore concluded that these findings did not meet the requirements of Paragraphs B or C. Id.

Contrary to Plaintiff's assertion, Dr. Gelber's psychological evaluation comports with these findings. Dr. Gelber documented Plaintiff's many subjective claims of cognitive issues. Tr. 359. Despite these claims, he noted that Plaintiff denies anxiety symptoms, is generally happy,

feels supported by his wife, maintained an appropriate mood, as well as several other positive aspects of Plaintiff's mental capacities. Tr. 360. Therefore, while Dr. Gelber diagnosed Plaintiff with cognitive disorder, Tr. 361, no basis exists in the report to find that the degree of the limitation meets or equals the requirements under Paragraph B or C of 12.04 or 12.06.[2]

Plaintiff also incorrectly argues that the ALJ should not have accepted Dr. Fechner's findings because he didn't examine Plaintiff and does not specialize in Sarcoidosis. "[T]he opinions of non-examining physicians may override a treating source's opinions provided that the former are supported by evidence in the record." Alexander v. Shalala, 927 F. Supp. 785, 795 (D.N.J. 1995) aff'd 85 F.3d 611 (3d Cir. 1996). Moreover, "[p]roperly qualified medical experts of different specialties can, and often do, offer opinions about medical conditions not within their specialties." Diaz v. Comm'r of Soc. Sec., No. 07-2276, 2008 WL 2668812, at *5 (D.N.J. June 27, 2008). The Court also rejects Plaintiff's argument that Dr. Fechner was biased because he was paid medical expert. The Social Security Administration's regulations specifically permit ALJs to consider the opinions of medical experts. See 20 C.F.R. § 404.1527(e).

Accordingly, there is substantial evidence to support the ALJ's determination that Plaintiff's cognitive impairments did not match or equal the criteria for the relevant listed impairments and thus did not entitle him to a finding of disability at step 3 of the sequential analysis.[3]

---

[2] Contrary to Plaintiff's assertion that the ALJ's analysis was insufficient, the ALJ identified the relevant medical evidence he relied on and explained his findings. The ALJ's decision therefore contained "sufficient development of the record and explanation of findings to permit meaningful review." Jones, 364 F.3d at 505.

[3] Plaintiff argues elsewhere that the ALJ did not follow the Appeals Council's instructions with respect to establishing a sufficient record in support of the finding that Plaintiff did not meet a listed impairment. As explained above, the Court finds that the ALJ's finding that Plaintiff did not meet a listed impairment was supported by substantial evidence. The same reasons support a finding that the ALJ's analysis comported with the Appeal's Council's directions on remand.

### B. Plaintiff's Subjective Complaints of Pain and Impairment

Plaintiff next argues that the ALJ failed to give proper consideration to his subjective complaints of pain and impairment. He argues that he made numerous complaints of physical pain and mental impairments, which were corroborated by treating doctors, and therefore the ALJ's decision not to credit Plaintiff's subjective complaints was improper. The Court disagrees.

In assessing whether the claimant is disabled, the ALJ must give consideration to the claimant's subjective complaints of impairment. 10 C.F.R. §§ 404.1529, 416.929; Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986). Subjective complaints alone, however, will not establish that a claimant is disabled. Dorf, 794 F.2d at 901. Although "assertions of pain must be given serious consideration," Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981), Plaintiff still "bears the burden of demonstrating that her subjective complaints were substantiated by medical evidence." Alexander v. Shalala, 927 F. Supp. 785, 795 (D.N.J. 1995), aff'd, 85 F.3d 611 (3d Cir. 1996). Accordingly, subjective claims of impairment "will not alone establish . . . [disability]; there must be medical signs and laboratory findings . . . [demonstrating] medical impairments, which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a).

The ALJ's decision to discredit certain aspects of Plaintiff's subjective complaints was supported by substantial evidence. The ALJ thoroughly explained Plaintiff's complaints of pain and impairment based on the medical records of several physicians. Tr. 734-43. Compared to the documentary reports, reports of treating and examining practitioners, medical history, and findings made on examination—all of which the ALJ explained in detail—the ALJ found that Plaintiff's complaints were not "entirely credible." Tr. 744.

Plaintiff's argument that Dr. David Lintz and Dr. James M. Hill's assessments contradict the ALJ's position is not supported by the record. The ALJ specifically noted Dr. Lintz's finding

10

that Plaintiff's complaints did not have substantial medical foundation or clinical or objective findings. Id. Likewise, the ALJ discussed Dr. Hill's explanation of Plaintiff's complaints of pain but noted Dr. Hill's opinion that Plaintiff's functional capacities were not significantly limited, and he would likely be able to perform well in a setting that did not require significant motor tasks or the processing of visual materials. Tr. 739. Thus, the ALJ supported with substantial evidence his finding that "[a]lthough the assertions of pain are reasonable to a degree, the overall record does not support them to the debilitating extent asserted." Tr. 744.

Plaintiff also argues that the ALJ failed to consider that Plaintiff was taking medications that made him dizzy. However, Plaintiff points to one instance in the record where he addressed this. In that instance, he testified that dizziness from the medication was only "an occasional side effect." Tr. 1044. This is not sufficient evidence of a functional limitation. See Rutherford v. Barnhart, 399 F.3d 546, 555 (3d Cir. 2005).[4]

### C. Right to Full and Fair Hearing

Plaintiff next argues that the ALJ prevented Plaintiff's counsel from fully examining witnesses and therefore denied Plaintiff his right to a fair hearing. In support, he points to five instances where the ALJ interrupted Plaintiff's counsel's examination of witnesses and supposedly began testifying for the witness. See Tr. 1065-66, 1071, 1079-80, 1087, 1101. The Court finds no merit to this argument.

An ALJ is required to conduct a Social Security hearing in a fair and impartial manner. Correa ex rel. Correa v. Comm'r of Soc. Sec., 381 F. Supp. 2d 386, 397 (D.N.J. 2004). Social

---

[4] Plaintiff also argues that the ALJ never properly questioned whether numerous other drugs that he lists in his brief contributed to his symptoms. It is Plaintiff's burden, not the ALJ's, to substantiate his claims. Given that Plaintiff does not direct the Court to any record citation where these other medications were discussed, his argument does not prevail.

Security hearings are not adversarial. Hess v. Sec. of H.E.W., 497 F.2d 837, 840 (3d Cir.1974). Remand is appropriate where the ALJ acts with extreme impatience, hostility or condescension towards a plaintiff or the plaintiff's representative during a hearing. See Ventura v. Shalala, 55 F.3d 900 (3d Cir.1995).

A review of the five cited instances do not suggest an unfair hearing. Rather, they reflect the ALJ's reasonable management of the hearing's progression in a timely, thorough manner. Nor do the instances reflect that the ALJ testified on behalf of the witnesses. During these colloquies, the ALJ explained his reasons for intervening in the examinations and for directing Plaintiff's counsel to proceed to the next line of questioning. The instances cited therefore fall short of the type of conduct that gives rise to an unfair hearing.

### D. Factual Misstatements

Plaintiff also argues that the ALJ made several misstatements of fact in her decision. First, he contends that the ALJ incorrectly noted that Plaintiff could walk four miles per day without difficulty. This was not a factual misstatement. In the sentence to which Plaintiff cites, the ALJ was not making a finding of fact; rather, he was summarizing the finding of Dr. Robert Sussman, who noted Plaintiff's ability to walk without difficulty. Tr. 270, 734-35. Second, Plaintiff argues that the ALJ incorrectly identified Plaintiff's main occupation as a self-employed person working full duty. He maintains that he made such a statement in regards to his previous employment, not his current employment. This misstatement, however, was harmless. See Bogdan v. Barnhart, 387 F. Supp. 2d 478, 482 (E.D. Pa. 2005) (finding misstatement of fact harmless error). The ALJ found that Plaintiff did not engage in substantial gainful activity during the claimed disability period, Tr. 734, and later correctly identified Plaintiff's past relevant work as a general manager and part owner of a business, Tr. 745. Plaintiff does not otherwise demonstrate how the

misstatement changed the outcome of his case. See Hyer v. Colvin, 72 F. Supp. 3d 479, 495 (D. Del. 2014). His argument on this point does not prevail.

### E. Hypothetical Questions Posed to the Vocational Experts

Plaintiff next argues that the VE's opinions were not supported by substantial evidence. Specifically, he argues that ALJ did not ask the VE, Dr. Pat Greene, hypothetical questions that reflected Plaintiff's specific capacity limitations as established by the record.

"Testimony of vocational experts in disability determination proceedings typically includes, and often centers upon, one or more hypothetical questions posed by the ALJ to the vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). Usually, the ALJ will ask whether a hypothetical claimant with the same physical and mental impairments as the claimant can perform certain jobs that exist in the national economy. Id. The hypothetical must "accurately portray" any impairments of the claimant. Zirnsak v. Colvin, 777 F.3d 607, 614 (3d Cir. 2014). To accurately portray a claimant's impairments, the ALJ must include all "credibly established limitations" in the hypothetical. Id. (citing Plummer v. Apfel, 186 F.3d 422, 431 (3d Cir. 1999)).

The ALJ posed hypotheticals that accurately portrayed all of Plaintiff's established impairments. After remand, the ALJ obtained testimony from VE Green. Tr. 1133. The VE accurately described Plaintiff's past relevant work and the exertional and skill levels at each job over the past fifteen years. Tr. 1132. Based on that information, the ALJ posed a hypothetical of an individual with Plaintiff's vocational profile, with a number of additional limitations that matched the RFC described above. Tr. 1134. The additional limitations considered both Plaintiff's physical and cognitive issues, and incorporated Plaintiff's subjective complaints of pain and cognitive impairment to the extent the ALJ deemed them credible. See id. Plaintiff's assertion

that the ALJ was required to factor in his own testimony that he suffered from severe pain is therefore without merit because an ALJ is not required to submit to the [VE] every impairment alleged by a claimant.  <u>Zirnsak</u>, 777 F.3d at 615.  Rather, the ALJ is only required to submit credibly established limitations.  As such, the Court deems the ALJ's hypothetical an accurate portrayal of Plaintiff's impairments.[5]

## IV. CONCLUSION

Because the Court finds that the ALJ's decision is supported by substantial evidence, the Commissioner's disability determination is **AFFIRMED**.  An appropriate order will follow.

/s <i>Madeline Cox Arleo</i><br>
<b>HON. MADELINE COX ARLEO</b><br>
<b>UNITED STATES DISTRICT JUDGE</b>

---

[5] Plaintiff also argues that hypothetical 11 submitted to VE Rocco Meola during the first hearing was not supported by the record.  <u>See</u> Tr. 193.  Although the Court does not see much merit to the argument, the error (even if true) was harmless.  The ALJ's second opinion relied on the testimony of VE Green, which, as explained above, included accurate hypotheticals.  As such, any issues with the hypothetical submitted to VE Meola was immaterial because the ALJ did not consider it in the second hearing.  <u>See</u> <u>Whaley v. Gardner</u>, 374 F.2d 9, 11 (8th Cir. 1967) (finding any potential errors in first hearing cured by full and fair hearing before second examiner).